UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROBERT CALVIN HOLMES, JR.,   No. C-12-3070 EMC

         Plaintiff,

    v.   **ORDER DENYING REQUEST TO REOPEN THE ACTION**

KYLE PETERSON, *et al.*,

         Defendants.
_____/

    Plaintiff filed this *pro se* prisoner's civil rights action on June 15, 2012. On November 1, 2012, the Court dismissed the complaint with leave to amend because the complaint directed the reader to "see attachments" for a statement of Plaintiff's claim but had no documents attached. That order came back undelivered on November 28, 2012 because Plaintiff failed to keep the Court informed of his current address. Plaintiff did not provide any new address in the next several months. On February 8, 2013, the Court dismissed the action because Plaintiff had not kept the Court informed of his current address. In May 2013, Plaintiff sent a letter of inquiry about the status of his case; in response, the Clerk sent him on May 24, 2013, a copy of the docket sheet, the order of dismissal, and the judgment. On June 6, 2013, Plaintiff sent the Court a letter requesting that the action be reopened.

    Plaintiff's request for the action to be reopened is **DENIED**. First, Plaintiff failed to keep the Court apprised of his current address. He waited many months (*i.e.*, from at least November 2012 until May 2013) to bother informing the Court of his address. Plaintiff failed to comply with Local Rule 3-11(a) which requires that a party proceeding *pro se* must "promptly file with the Court and serve upon all opposing parties a Notice of Change of Address specifying the new address"

when his address changes. Second, even if the action was reopened, the problem would remain that Plaintiff never submitted a pleading that could proceed – the complaint he did file referred to attachments that were not attached. It is not in the interest of justice to reopen an action in which the complaint was and still would be deficient.

The Court notes that the dismissal of this action was without prejudice. Therefore, Plaintiff may file a new action to assert his claims. In his complaint in such a new action, he must take care to write a full statement of his claims and, if he refers to any attachments, must be sure those documents are attached to the complaint.

IT IS SO ORDERED.

Dated: July 3, 2013

_____
EDWARD M. CHEN
United States District Judge

2